UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>CHINA ENERGY SAVINGS TECHNOLOGY, INC., NEW SOLOMON CONSULTANTS, CHIU WING CHIU, LAI FUN SIM a/k/a Stella Sim, SUN LI, JUN TANG ZHAO,<br><br>DEFENDANTS,<br><br>and<br><br>AMICORP DEVELOPMENT LIMITED, ESSENCE CITY LIMITED, PRECISE POWER HOLDINGS LIMITED, YAN HONG ZHAO, AI QUN ZHONG, TUNG TSANG,<br><br>RELIEF DEFENDANTS. | CV-06 6402 (ADS)(AKT) |

**PLAINTIFF'S POST-HEARING MEMORANDUM IN SUPPORT OF**
**<u>APPLICATION FOR PRELIMINARY INJUNCTION ASSET FREEZE</u>**

Plaintiff has made a substantial evidentiary showing that easily satisfies the standard of proof required in this Circuit for an asset freeze to preserve the status quo. Counsel for Relief Defendants has failed utterly to present any cause not to grant the relief requested by Plaintiff. Indeed, counsel for Relief Defendants has disclaimed the reliability of the only "evidence" he has submitted to show cause: the Declarations of Relief Defendants.

I.    **Plaintiff's Showing**

   A.    **Relief Defendants' Contacts in the United States Are Sufficient for Personal Jurisdiction Over Them.**

The declarations, affidavits and documents proffered by the Commission establish:

- Relief Defendants opened brokerage accounts in the United States for the sole purpose of selling China Energy stock.

- Relief Defendants filed Forms 144 with the Securities and Exchange Commission in Washington, D.C. for the purpose of enabling them to sell their shares of China Energy stock.

- Relief Defendants sold their China Energy stock into the United States' markets.

- China Energy is a U.S. issuer of securities and a corporation organized and existing under the laws of the state of Nevada.

- Relief Defendants have availed themselves of the United States legal system by instituting a NASD arbitration action against their U.S. broker for the release of the China Energy proceeds at issue before this Court.

As more fully discussed in Plaintiff's memorandum in opposition to the cross-motion to dismiss, these activities and acts by the Relief Defendants in the United States are sufficient to subject them to the personal jurisdiction of this Court.  Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567-68 (2d Cir. 1996); S.E.C. v. Unifund SAL, 910 F.2d 1028, 1033 (2d Cir. 1990).  Counsel for Relief Defendants has not and cannot distinguish these Second Circuit decisions.  The two district court cases cited by Relief Defendants are inapposite and distinguishable.  Burrows is a non-securities diversity case; Lomas is factually distinguishable in that under the district court's analysis in that case the defendant had virtually no contacts with the forum.  The analysis and holding of the Second Circuit in Metropolitan Life and Unifund SAL are the controlling precedent and clearly confer personal jurisdiction in the case at bar.

2

B.     **Contacts with the Eastern District of New York.**

The declarations, affidavits and documents proffered by the Commission establish:

- As an integral part of the alleged fraud, Defendant Chiu engaged a promoter in the United States for China Energy stock. At Chiu's direction, this promoter enlisted an individual within the Eastern District of New York to compile a list of persons whose names would be used to create a bogus list of shareholders for the purpose of obtaining a Nasdaq listing for China Energy shares.

- Persons within the Eastern District of New York became shareholders of China Energy and received free shares.

- Free China Energy shares were distributed to persons within the Eastern District of New York as part of the fraudulent scheme to obtain the Nasdaq listing for China Energy.

As more fully discussed in Plaintiff's memorandum in opposition to the cross-motion to dismiss, these activities and acts by the Defendants in the Eastern District of New York are sufficient basis for venue in this district. Steinberg & Lyman v. Takacs, 690 F. Supp. 263, 267 (S.D.N.Y. 1988).

C.     **Plaintiff is likely to succeed on the merits.**

The "merits" for purposes of the Commission's burden at this stage of the proceedings are:

- Chiu, Sim and Jun-Tang Zhao in concert with other defendants engaged in a fraudulent scheme to manipulate the share price of China Energy stock in the U.S.markets.

- The proceeds from Relief Defendants' sales of ChinaEnergy stock are proceeds of the defendants' fraud.

As more fully discussed in Plaintiff's memorandum in opposition to the cross-motion to dismiss, for a preliminary injunction asset freeze the Commission need only show that it is "likely to succeed on the merits." S.E.C. v. Unifund SAL, 910 F.2d 1028, 1040 (2d Cir. 1990).

3

The Commission's showing through documents, declarations and affidavits satisfies this standard.

**II.     Relief Defendants' Failure to Show Cause**

The four Declarations submitted by counsel comprise Relief Defendants' entire evidentiary showing, which is to say they have made no evidentiary showing. The Declarations have no evidentiary value. They are undated and do not identify the translator or provide the translator's qualifications and, therefore, do not comply with 28 U.S.C. § 1746 or Federal Rule of Evidence 604. After listening to counsel's statements at the January 5 hearing about the Declarations purportedly made by the Relief Defendants, these Declarations should not be considered by the Court, and indeed should be stricken.

Counsel for the Relief Defendants represented the following about the four Declarations he drafted and submitted to the Court:

1. counsel prepared the Declarations in English (Tr. 17:7-8);

2. the Relief Defendants do not read or speak English (Tr. 17:9);

3. counsel does not know whether there is or was a written Chinese translation of the English version (Tr. 17:4-6)(which raises a question regarding the footnote counsel himself presumably wrote in each Declaration representing: "…this Declaration has been translated into Chinese… .");

4. counsel does not know the identity of the person who purportedly translated the Declarations from English to Chinese (Tr. 17-18); and,

5. counsel has never spoken with his purported clients and therefore cannot certify to the Court that the Declarations were read, understood or signed by the Relief Defendants (Tr. 28:2-7).

The Declarations should be stricken or, in the alternative, given no weight. Jack v. Trans World Airlines, Inc., 854 F. Supp. 654, 659(N.D. Ca. 1994); Tomashevsky v. Komori Printing Machinery Co., 715 F. Supp. 1562, 1563 (S.D. Fla. 1989); Fed. R. of Evid. 604, 901.

4

For purposes of the preliminary injunction asset freeze, the first "merit" for which the Commission must make a sufficient showing—the fraud itself—is uncontested by Relief Defendants.  In the case of Jun Tang Zhao (who is the principal of Relief Defendant Precise Power) the Commission's evidence shows his direct involvement with Defendants Chiu and Sim in the fraud.  These documents show that Jun Tang Zhao played an integral role in the free distribution of China Energy shares to the bogus shareholders involved in the fraudulent Nasdaq listing scheme.  He also transferred China Energy shares and cash to Chiu's U.S. promoter.

Finally, the Commission's evidence shows that all four Relief Defendants, their Declarations notwithstanding, had contact and involvement with defendants Chui and Sim in connection with the four accounts at CGFL.  Documents and affidavits presented by Plaintiff in support of its application show that Defendants Chiu and Sim were directly involved in the four Capital Growth brokerage accounts opened in the names of the Relief Defendants and the Relief Defendants all used Chiu addresses in their account opening documents.

The Relief Defendants have offered nothing to counter the Commission's evidence that the Defendants committed securities fraud as alleged in the Complaint.  Apart from the four Declarations counsel prepared and submitted, Relief Defendants have presented nothing in response to the rule to show cause unless the Court accepts counsel's unsupported conjecture, speculation and argument as a valid substitute for evidence.  Counsel has speculated and conjectured about:  the degree of harm to the market and investors (Tr. 26: 11-25, 27:1-6)(an irrelevant issue even at trial, let alone at this preliminary stage); who filled out the Forms 144 (another irrelevant issue, particularly at this preliminary stage); what the lawyers who provided the 144 opinion letters meant (rather than producing their declarations in this proceeding as he

5

could have done); and, the credibility of witnesses, stepping right up to the line of accusing the Commission's staff of using its regulatory authority to suborn perjury. (Tr. 20:2-21).

## Conclusion

The Commission has made a sufficient showing that it is likely to succeed on the merits. The Relief Defendants have substantial and material contacts with the United States and material and non-trivial acts in furtherance of the fraud alleged in the Complaint occurred within the Eastern District of New York. As fully discussed in Plaintiff's memorandum in opposition to the cross-motion to dismiss, the balance of factors this Court must consider on a motion to transfer weigh overwhelmingly against transfer to the Southern District of Florida. For all of these reasons and under the decisional law of this Circuit, Plaintiff's application for a preliminary asset freeze should be granted and Relief Defendants' cross-motion denied in all respects.

                                Respectfully submitted,

                                s/Alan M. Lieberman
                                Alan M. Lieberman (AL-6517)
                                Counsel for Plaintiff

Dated: January 12, 2007
      Washington, D.C.