UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> PLAINTIFF, <br><br> v. <br><br> CHINA ENERGY SAVINGS TECHNOLOGY, INC., NEW SOLOMON CONSULTANTS, CHIU WING CHIU, LAI FUN SIM a/k/a Stella Sim, SUN LI, JUN TANG ZHAO, <br><br> DEFENDANTS, <br><br> and <br><br> AMICORP DEVELOPMENT LIMITED, ESSENCE CITY LIMITED, PRECISE POWER HOLDINGS LIMITED, YAN HONG ZHAO, AI QUN ZHONG, TUNG TSANG, <br><br> RELIEF DEFENDANTS. | CV-06 6402 (ADS)(AKT) |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO
<u>RELIEF DEFENDANTS' CROSS-MOTION TO DISMISS</u>**

On February 5, 2007, Plaintiff Securities and Exchange Commission (the "Commission") received from the Hong Kong Securities and Futures Commission ("HKSFC") records of bank accounts in the names of defendants and relief defendants. These records were requested during the Commission's investigation and before the complaint in this action was filed. The records were produced pursuant to a previously executed Memorandum of Understanding ("MOU")

between the Commission and the HKSFC. None of these records were produced by the defense even though they come within the Commission's expedited request for documents. Many of the documents require translation from Mandarin or Cantonese and the Commission's review of these records is not yet complete. In addition, the Commission intends to request additional documents under the MOU.

The bank records appended to this Supplemental Response establish beyond argument that Defendant Jun-Tang Zhao and Relief Defendants Essence City Limited, Precise Power Holdings Limited, and Tung Tsang (also known as Tsang Tung), the principal of Essence City, transferred proceeds from trading in China Energy stock to Defendant Chiu Wing Chiu. These records establish further the brazen misrepresentations these parties made to this Court in the Declarations they submitted in support of their cross-motion to dismiss the Commission's action.

Defendant Zhao is the principal of Relief Defendant Precise Power. Relief Defendant Tung Tsang is the principal of Relief Defendant Essence City. Jun-Tang Zhao and Tung Tsang each submitted declarations to the Court that in relevant part averred: "… nor do we have a relationship of any kind with Mr. Chiu." Jun-Tang Zhao Declaration, ¶ 9; Tsang Tung Declaration, ¶ 10.

These records and the Supplemental Declaration of Delane Olson appended hereto establish that:

1. Relief Defendant Tung Tsang transferred approximately $1.3 million of China Energy proceeds to Defendant Chiu (Olson Suppl. Decl at ¶¶ 6 and 7; Exhs. A, B, C and D);

2. Defendant Zhao as principal of Precise Power transferred $5.4 million HKD to Defendant Chiu (Olson Suppl. Decl. at ¶ 8; Exhs. F, G, H and I);

3. Defendant Zhao paid China Energy expenses including professional fees to public accountants and lawyers; market research fees; and, public relations fees. (Olson Suppl. Decl. at ¶ 9; Exhs. J. K, L, M, and N).

4. The HKSFC records also establish a constant flow of funds between and among bank accounts in the names of Tsang Tung, Yan Hong Zhao, Jun-Tang Zhao, Aiqun Zhong and Defendant Sim during 2005 and early 2006. (Olson Suppl. Decl at ¶ 10). During the course of the Commission's investigation of this matter, the staff reviewed in excess of one hundred emails establishing that Defendant Sim acted on behalf of Defendant Chiu. In addition, Defendant Chiu frequently used Defendant Sim's email address during the course of the China Energy scheme. (Id.).

This evidence, in addition to the evidence already before this Court, overwhelmingly establishes that the relief defendant accounts served as nominees for the defendants and were used by the defendants to conceal their trading in China Energy securities. Further, these records put the lie to the purported representations of these parties that they have no relationship of any kind with Defendant Chiu.

**<u>Conclusion</u>**

The recently obtained bank records appended hereto make clear that Relief Defendants' representations to this Court are not worthy of belief and that they have significant ties to Defendant Chiu and the China Energy stock scheme alleged in the Complaint.

3

On the record before this Court, even without the bank account records appended to this Supplemental Response in Opposition, there is ample basis to grant the Commission's application for a preliminary injunction asset freeze.

Dated: March 12, 2007					Respectfully submitted,


							 s/Alan M. Lieberman
							Alan M. Lieberman (AL6517)
							Counsel for Plaintiff