UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>CHINA ENERGY SAVINGS TECHNOLOGY, INC., NEW SOLOMON CONSULTANTS, CHIU WING CHIU, LAI FUN SIM a/k/a Stella Sim, SUN LI, JUN TANG ZHAO,<br><br>DEFENDANTS,<br><br>and<br><br>AMICORP DEVELOPMENT LIMITED, ESSENCE CITY LIMITED, PRECISE POWER HOLDINGS LIMITED, YAN HONG ZHAO, AI QUN ZHONG, TUNG TSANG,<br><br>RELIEF DEFENDANTS. | CV-06 6402 (ADS)(AKT) |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO
<u>RELIEF DEFENDANTS' CROSS-MOTION TO DISMISS</u>**

On February 5, 2007, Plaintiff Securities and Exchange Commission (the "Commission") received from the Hong Kong Securities and Futures Commission ("HKSFC") records of bank accounts in the names of defendants and relief defendants. The records were requested before the Complaint in this matter was filed during the investigation of this matter conducted by the staff of the Commission. The records were produced to the Commission staff pursuant to a "Request for Assistance" made according to the guidelines of a previously executed

Memorandum of Understanding ("MOU") between the Commission and the HKSFC. None of these records were produced by the defense even though they clearly fall within the scope of the Commission's expedited request for documents that was served on the Relief Defendants on December 22, 2006.

The bank records appended to the Supplemental Declaration of Delane Olson filed in support of this Supplemental Response clearly establish that Defendant Jun-Tang Zhao and Relief Defendants Essence City Limited, Precise Power Holdings Limited, and Tung Tsang (also known as Tsang Tung), the principal of Essence City, transferred proceeds from trading in China Energy stock to Defendant Chiu Wing Chiu. These records establish further the brazen misrepresentations these parties made to this Court in the Declarations they submitted in support of their cross-motion to dismiss the Commission's action.

Defendant Zhao is the principal of Relief Defendant Precise Power. Relief Defendant Tung Tsang is the principal of Relief Defendant Essence City. Jun-Tang Zhao and Tung Tsang each submitted declarations to the Court that in relevant part averred: "… nor do we have a relationship of any kind with Mr. Chiu." Jun-Tang Zhao Declaration, ¶ 9; Tsang Tung Declaration, ¶ 10.

These records and the Supplemental Declaration of Delane Olson appended hereto establish that:

1. Relief Defendant Tung Tsang transferred approximately $1.3 million of China Energy proceeds to Defendant Chiu (Olson Suppl. Decl at ¶¶ 6 and 7; Exhs. A, B, C and D);

2. Defendant Zhao as principal of Precise Power transferred $5.4 million HKD to Defendant Chiu (Olson Suppl. Decl. at ¶ 8; Exhs. F, G, H and I);

2

3. Defendant Zhao paid China Energy expenses including professional fees to public accountants and lawyers; market research fees; and, public relations fees. (Olson Suppl. Decl. at ¶ 9; Exhs. J. K, L, M, and N).

4. The HKSFC records also establish a constant flow of funds between and among bank accounts in the names of Relief Defendants Tsang Tung, Yan Hong Zhao, Jun-Tang Zhao, Aiqun Zhong and Defendant Sim during 2005 and early 2006. (Olson Suppl. Decl at ¶ 10). During the course of the Commission's investigation of this matter, the staff reviewed at least one hundred emails establishing that Defendant Sim acted on behalf of Defendant Chiu. In addition, Defendant Chiu frequently used Defendant Sim's email address during the course of the China Energy scheme. (Id.).

Many of the documents in the February 5 HKSFC production require translation from Mandarin or Cantonese and the Commission staff's review of these records is not yet complete. In addition, the Commission staff intends to request additional documents under the MOU.

**Conclusion**

The evidence previously before this Court, in addition to the recently obtained evidence described herein, establishes that the Relief Defendant accounts at Capital Growth Financial LLC are nominee accounts that were used by the defendants to conceal their trading in China Energy securities. Further, the recently obtained bank records appended hereto make clear that Relief Defendants' representations to this Court are not worthy of belief and that they have significant ties to Defendant Chiu and the China Energy stock scheme alleged in the Complaint. Indeed, these records put the lie to the purported representations of these parties that they have no relationship of any kind with Defendant Chiu. On the record before this Court, even without the bank account records appended filed herewith, there is ample basis to grant the Commission's application for a preliminary injunction asset freeze.

Dated: March 13, 2007                                               Respectfully submitted,

                                                                     s/Alan M. Lieberman
                                                                    Alan M. Lieberman (AL6517)
                                                                    Counsel for Plaintiff