**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

                    -against-

CHINA ENERGY SAVINGS TECHNOLOGY,
INC., NEW SOLOMON CONSULTANTS, CHIU
WING CHIU, LAI FUN SIM a/k/a Stella Sim, SUN
LI, JUN TANG ZHAO,

                    Defendants,

                    -and-

AMICORP DEVELOPMENT LIMITED,
ESSENCE CITY LIMITED, PRECISE POWER
HOLDINGS LIMITED, YAN HONG ZHAO, AI
QUN ZHONG, TUNG TSANG,

                    Relief Defendants.
----------------------------------------------------X

**ORDER**
06-CV-6402 (ADS)(AKT)

**APPEARANCES:**

**SECURITIES AND EXCHANGE COMMISSION**
Attorneys for the Plaintiff
100 F Street, NE
Washington, DC 20549
       By:    Alan M. Lieberman, Esq.
                Patrick Feeney, Esq., of Counsel

**BRESSLER, AMERY & ROSS**
Attorneys for the Relief Defendants
17 State Street, 34th Floor
New York, New York 10004
       By:    David J. Libowsky, Esq. of Counsel

**NO APPEARANCE:**

Defendant China Energy Savings Technology, Inc., New Solomon Consultants, Chiu Wing Chiu, Lai Fun Sim a/k/a Stella Sim, Sun Li, and Jun Tang Zhao.

**SPATT, District J.**

The Securities and Exchange Commission ("SEC") commenced this action against China Energy Savings Technology, Inc. ("China Energy"), New Solomon Consultants, Chiu Wing Chiu, Lai Fun Sim a/k/a Stella Sim, Sun Li, and Jun Tang Zhao (collectively, the "Defendants"), Amicorp Development Limited, Essence City Limited, Precise Power Holdings Limited, Yan Hong Zhao, Ai Qun Zhong, and Tung Tsang (collectively, the "Relief Defendants") alleging violations of: (1) Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 of the regulations, 17 C.F.R. § 240.10b-5; and (2) Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a), (c). Defendants China Energy, New Solomon, Chiu, Sim, Li, and J. Zhao defaulted in the action.

On December 4, 2006, a temporary restraining order was entered freezing the assets of the Defendants and the Relief Defendants. On March 28, 2008, the Court adopted the Report & Recommendation of United States Magistrate Judge A. Kathleen Tomlinson, which recommended granting the SEC's motion to permanently restrain Defendants China Energy, New Solomon, Chiu Wing Chiu, Lai Fun Sim a/k/a Stella Sim, Sun Li, and Jun Tang Zhao from violating, directly or indirectly, 10(b) of

the Exchange Act and Rule 10b-5 promulgated thereunder, and Section 5 of the Securities Act, and further prohibiting each of the Individual Defendants from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act. In addition, Judge Tomlinson recommended denying the SEC's request for a Penny Stock Bar as to the Individual Defendants, without prejudice and with a right to renew its application upon presentation of proper evidentiary support.

On April 11, 2008, the SEC renewed its motion for an order barring any of the Individual Defendants Chiu, Sim, Li, and Zhao from participating in an offering of penny stock or engaging in activities with any broker dealer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. This motion was once again referred to Judge Tomlinson. On March 9, 2009, Judge Tomlinson issued a Report and Recommendation, again recommending that the Court deny the SEC's motion for such Penny Stock Bar. No objection was filed with respect to Judge Tomlinson's recommendation.

In reviewing a report and recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only

satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); see also Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

The Court has reviewed the analysis of Judge Tomlinson's thorough and well-written Report and finds no clear error. There being no objection to Judge Tomlinson's Report and Recommendation, it is hereby:

**ORDERED**, that Judge Tomlinson's March 9, 2009 Report and Recommendation is adopted in its entirety; and it is further

**ORDERED**, that the plaintiff's request for a Penny Stock Bar as to Defendants Chiu Wing Chiu, Lai Fun Sim a/k/a Stella Sim, Sun Li, and Jun Tang Zhao is denied; and it is further

**ORDERED**, that the Clerk of the Court is directed to terminate the motion for a permanent injunction.

**SO ORDERED**.

Dated: Central Islip, New York
March 27, 2009

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge