UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | CV-06 6402 (ADS)(AKT) |
| v. | : | |
| CHINA ENERGY SAVINGS TECHNOLOGY, INC., | : | |
| NEW SOLOMON CONSULTANTS, CHIU WING | | |
| CHIU, LAI FUN SIM a/k/a Stella Sim, SUN LI, JUN | : | |
| TANG ZHAO, | | |
| | : | |
| DEFENDANTS, | : | |
| | | |
| and | : | |
| | : | |
| AMICORP DEVELOPMENT LIMITED, ESSENCE | : | |
| CITY LIMITED, PRECISE POWER HOLDINGS | | |
| LIMITED, YAN HONG ZHAO, AI QUN ZHONG, | : | |
| TUNG TSANG, | | |
| | : | |
| RELIEF DEFENDANTS. | : | |
| | : | |

## ORDER OF FINAL JUDGMENT
### GRANTING PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANTS CHINA ENERGY SAVINGS TECHNOLOGY, INC., NEW SOLOMON CONSULTANTS, CHIU WING CHIU, LAI FUN SIM a/k/a Stella Sim, SUN LI AND JUN TANG ZHAO

WHEREAS, on December 4, 2006, Plaintiff Securities and Exchange Commission

("Plaintiff" or "Commission") filed a Complaint in this action; and

WHEREAS, Defendants China Energy Savings Technology, Inc., New Solomon

Consultants, Chiu Wing Chiu, Lai Fun Sim a/k/a Stella Sim, Sun Li, and Jun Tang Zhao,

("Defendants") have been served with the Summons and Complaint on December 5, 2006 and December 19, 2006; and

WHEREAS, Defendants have failed to appear, plead, answer or otherwise defend this action as provided by the Federal Rules of Civil Procedure; and

WHEREAS, none of the Defendants is an infant, an incompetent person, or in military service; and

WHEREAS, Plaintiff has filed Declarations and presented evidence sufficient to establish: (i) service of process on the Defendants, (ii) that the Defendants violated the anti-fraud and registration provisions of the federal securities laws as alleged in the Complaint, and (iii) the amounts of ill-gotten gain and prejudgment interest thereon; and,

WHEREAS, on April 20, 2007, the Court entered a default judgment against the Defendants finding that they violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b) and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] as a result of the conduct alleged in the Complaint; and

WHEREAS, on March 13, 2008, pursuant to this Court's Order of May 16, 2007, United States Magistrate Judge A. Kathleen Tomlinson issued a Report and Recommendation as to damages and other relief sought by the Commission in this matter; and

WHEREAS, on March 28, 2008, this Court ordered that the Report and Recommendation of Judge Tomlinson is adopted in its entirety; and

WHEREAS, pursuant to this Court's Order of March 28, 2008, the Commission has renewed its application for an order barring defendants Chiu Wing Chiu, Lai Fun Sim a/k/a Stella Sim, Sun Li, and Jun Tang Zhao from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading,

2

or inducing or attempting to induce the purchase or sale of any penny stock ("Penny Stock Bar");
and

**WHEREAS**, this Court finds that the Commission has not produced evidence sufficient to establish that a Penny Stock Bar should be imposed against Defendants Chiu Wing Chiu, Lai Fun Sim a/k/a Stella Sim, Sun Li, and Jun Tang Zhao.

## I.

**IT IS HEREBY ORDERED** that Defendants, their agents, servants, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any securities, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.      employing any device, scheme, or artifice to defraud;

    B.      making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.      engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b) and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

3

## II.

**IT IS FURTHER ORDERED** that Defendants, their agents, servants, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)    unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

4

## III.

**IT IS FURTHER ORDERED** that Defendants are jointly and severally liable for disgorgement of $29,665,625.28, representing ill gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,265,554.94, ~~3,652,554.34~~ for a total of ~~$32,931,179.62~~. $33,318,179.62  Defendants shall satisfy this obligation by paying ~~$32,931,179.62~~ $33,318,179.62 within ten business days to the Clerk of this Court, together with a cover letter identifying the payer as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action: Alan M. Lieberman, Securities and Exchange Commission, 100 F Street N.E., Washington, D.C. 20549-4030.  Defendants relinquish all legal and equitable right, title, and interest in all funds paid pursuant to this Final Judgment, and no part of the funds shall be returned to Defendants.  The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Final Judgment.  In response to any such civil contempt motion by the Commission, Defendants may assert any legally permissible defense. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

5

### IV.

**IT IS FURTHER ORDERED** that, pursuant to Section 20 of the Securities Act [15 U.S.C. § 17t(d)] and Section 21 of the Exchange Act [15 U.S.C. § 78(u)(d)], defendants Chiu Wing Chiu and Lai Fun Sim a/k/a Stella Sim shall each pay a civil penalty of $1,000,000 and that defendants Sun Li and Jun Tang Zhao shall each pay a civil penalty of $75,000. Defendants Chiu, Sim, Li and Zhao shall satisfy these obligations by paying their respective penalty amounts within ten business days to the Clerk of this Court, together with a cover letter identifying the payer as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action: Alan M. Lieberman, Securities and Exchange Commission, 100 F Street N.E., Washington, D.C. 20549-4030. The Defendants relinquish all legal and equitable right, title, and interest in all funds paid pursuant to this Final Judgment, and no part of the funds shall be returned to the Defendants. The Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

### V.

The Clerk shall deposit the funds submitted to this Court pursuant to sections III and IV of this Final Judgment into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the

income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on any payment of disgorgement in this action, argue that he, she or it is entitled to, nor shall he, she or it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, the Defendant beneficiary of such Penalty Offset shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against a Defendant in this action by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VI.

**IT IS FURTHER ORDERED**, that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], each of the defendants Chiu Wing Chiu, Lai Fun Sim a/k/a Stella Sim, Sun Li, and Jun Tang Zhao is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VII.



**IT IS FURTHER ORDERED**, that each of the defendants Chiu Wing Chiu, Lai Fun Sim a/k/a Stella Sim, Sun Li, and Jun Tang Zhao is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

## ~~VIII.~~  VII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this action for the purpose of enforcing this Final Judgment.

8

~~IX.~~  VIII

There being no just reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith and without further notice.

SO ORDERED:

Date: 3/27/09

Hon. Arthur D. Spatt
United States District Judge

9