D/F

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                           Plaintiff,

            -against-

CHINA ENERGY SAVINGS TECHNOLOGY,
INC., NEW SOLOMON CONSULTANTS, CHIU
WING CHIU, LAI FUN SIM a/k/a Stella Sim, SUN
LI, JUN TANG ZHAO,

                          Defendants,

            -and-

AMICORP DEVELOPMENT LIMITED,
ESSENCE CITY LIMITED, PRECISE POWER
HOLDINGS LIMITED, YAN HONG ZHAO, AI
QUN ZHONG, TUNG TSANG,
Relief Defendants.
-------------------------------------------------------------X

**AMENDED JUDGMENT**
06-CV-6402 (ADS)(AKT)

## APPEARANCES:

**U.S. SECURITIES AND EXCHANGE COMMISSION ("Commission")**
**Attorneys for the Plaintiff**
100 F Street, NE
Washington, DC 20549
    By:    Alan M. Lieberman, Esq.
            Patrick Feeney, Esq., of Counsel

**BRESSLER, AMERY & ROSS**
**Attorneys for the Relief Defendants**
17 State Street, 34th Floor
New York, New York 10004
    By:    David J. Libowsky, Esq.,
            Nikolas S. Komyati, Esq., of Counsel

**NO APPEARANCE:**

**Defendant China Energy Savings Technology, Inc., New Solomon Consultants, Chiu Wing Chiu, Lai Fun Sim a/k/a Stella Sim, Sun Li, and Jun Tang Zhao.**

**SPATT, District J.**

**Whereas,** on April 20, 2007, the Court entered a default judgment against the Liability Defendants finding that they violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b) and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] as a result of the conduct alleged in the Complaint; and

**Whereas,** on March 18, 2008, United States Magistrate Judge A. Kathleen Tomlinson issued a Report and Recommendation granting the Commission's requested relief against the Relief Defendants Amicorp Development Limited ("Amicorp"), Essence City Limited ("Essence City"), Precise Power Holdings Limited ("Precise Power"), Yan Hong Zhao, Ai Qun Zhong, and Tung Tsang; and

**Whereas,** on July 6, 2009, the Court granted summary judgment in favor of the Commission against the Relief Defendants Amicorp, Essence City, Precise Power, Yan Hong Zhao, Ai Qun Zhong, and Tung Tsang and ordering that they disgorge the sums held in the Capital Growth Financial Accounts, namely the Essence City, Precise Power, Amicorp, and Yan Hong Zhao accounts ("Capital Growth Accounts"); and

**Whereas,** the Commission by letter dated July 9, 2009, has stated that it does not seek an additional award of prejudgment interest, but rather, seeks only the interest which may have accrued on the sums held in Capital Growth Accounts. By letter dated July 23, 2009, counsel for the Relief Defendants, opposed any attempt by the Commission to obtain prejudgment interest.

2

However, as noted above, the Commission has waived any separate award of prejudgment interest.

**Whereas**, on July 31, 2009 the Court entered a Judgment against the Relief Defendants Amicorp, Essence City, Precise Power, Yan Hong Zhao, Ai Qun Zhong, and Tung Tsang, ordering that they disgorge the sums held in the Capital Growth Accounts, and any interest accrued thereon; and

**Whereas**, the Commission by letter motion dated December 8, 2009, requests that the Court Amend its July 31, 2009 Judgment to: (i) correct the inadvertent omission of Relief Defendant Ai Qun Zhong from the Court's disgorgement order; and (ii) state that the disgorgement orders as to Amicorp and its principal Zhong, and Essence City and its principle Tung Tsang, are joint and several; and

**Whereas**, the Relief Defendants do not oppose the Commission's December 8, 2009 letter motion.

For the forgoing reasons, it is hereby

**ORDERED**, that judgment shall be entered against the Relief Defendants Amicorp, Essence City, Precise Power, Yan Hong Zhao, Ai Qun Zhong, and Tung Tsang in favor of the Commission; and it is further

**ORDERED**, that the Relief Defendant Amicorp and Relief Defendant Ai Qun Zhong shall jointly and severally disgorge $2,445,982, plus any accrued interest; and it is further

**ORDERED**, that the Relief Defendant Essence City and Relief Defendant Tung Tsang shall jointly and severally disgorge $226,558.75, plus any accrued interest; and it is further

**ORDERED**, that the Relief Defendant Precise Power shall disgorge $749,171, plus any accrued interest; and it is further

**ORDERED**, that the Relief Defendant Yan Hong Zhao shall disgorge $438,173, plus any accrued interest; and it is further

**ORDERED**, that to comply with this Final Judgment, each Relief Defendant must, within ten days of the entry of this Final Judgment, pay all disgorgements and interest that this Order requires by cashier's check, certified check or postal money order, made payable to the Securities and Exchange Commission, Operations Center, 6432 General Green Way, Alexandria Virginia 22312-0003. The payment shall be made under cover of a letter that identifies the defendant, the name and case number of this action and the name of the Court. A copy of the cover letter and the check or money order shall be simultaneously transmitted to Alan M. Lieberman, counsel for the Commission at 100 F Street NE, Washington, DC 20549-4030; and it is further

**ORDERED**, that the Court shall retain jurisdiction over this action to implement and enforce the terms of this Judgment and all other orders and decrees which have been or may be entered in this case, and to grant such other relief as this Court may deem necessary and just; and it is further

**ORDERED**, that the Clerk of the Court is directed to enter this Judgment forthwith and close the case.

**SO ORDERED**.

Dated: Central Islip, New York
December 23, ~~2010~~ 2009

_____
ARTHUR D. SPATT
United States District Judge