IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____
:
SECURITIES AND EXCHANGE COMMISSION,  :
:
PLAINTIFF,  :
:    06-cv- 6402 (ADS)
v.  :
:
CHINA ENERGY SAVINGS TECHNOLOGY, INC.,  :
NEW SOLOMON CONSULTANTS, CHIU WING  :    Related Case No. 13-cv-5364
CHIU, LAI FUN SIM a/k/a Stella Sim, SUN LI, JUN  :
TANG ZHAO,  :
:
DEFENDANTS,  :
:
and  :
:
AMICORP DEVELOPMENT LIMITED, ESSENCE  :
CITY LIMITED, PRECISE POWER HOLDINGS  :
LIMITED, YAN HONG ZHAO, AI QUN ZHONG,  :
TUNG TSANG,  :
:
RELIEF DEFENDANTS  :
_____:

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF AN ORDER TO UNFREEZE FUNDS AND TRANSFER FUNDS TO THE SEC FOR DISTRIBUTION, ESTABLISH A FAIR FUND FOR HARMED INVESTORS, APPOINT A TAX ADMINISTRATOR AND APPOINT A DISTRIBUTION AGENT**

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that upon the accompanying Motion, Memorandum, and Proposed Order, and all other papers and proceedings herein, Plaintiff United States Securities and Exchange Commission will move this Court, at a date and time to be determined by the Court, for an Order: (1) directing Fidelity Investments ("Fidelity") to unfreeze funds held

1

in the name of four of the Relief Defendants: Precise Power Holdings Limited ("Precise Power"); Essence City Limited ("Essence City"); Amicorp Development Limited ("Amicorp"); and Yan Hong Zhao ("Zhao") (collectively "Relief Defendants") and transfer those funds to the SEC for distribution; (2) establishing a Fair Fund for harmed investors; (3) appointing a Tax Administrator; and (4) appointing a Distribution Agent.

**MOTION**

Plaintiff, the United States Securities and Exchange Commission ("SEC" or the "Commission"), respectfully submits this Motion for an Order: (1) directing Fidelity to unfreeze funds held in the name of Relief Defendants at Fidelity and to transfer those funds to the SEC for distribution to harmed investors; (2) establishing a Fair Fund for harmed investors pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended by the Dodd-Frank Act of 2010 ("Dodd-Frank Act") [15 U.S.C. §7246]; (3) appointing Damasco & Associates, LLP ("Damasco"), a certified public accounting firm located in Half Moon Bay, California, as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to funds under this Court's jurisdiction in this case; and (4) appointing Kurtzman Carson Consultants, LLC ("KCC") as the Distribution Agent to assist in developing a plan of distribution and to oversee the ultimate distribution of the proposed Fair Fund. The Commission staff will work with the Distribution Agent to develop a plan and will return to the Court separately to move for approval of the proposed plan. A Proposed Order has been contemporaneously filed herewith.

**MEMORANDUM OF LAW**

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 4, 2006, the Commission filed an emergency action against China Energy Savings Technology, Inc. ("China Energy"), several of its former officers, its controlling shareholder, and others, alleging that they orchestrated an elaborate stock manipulation scheme commonly known as a "pump and dump". The Complaint alleged that China Energy, the company's undisclosed control person, Chiu Wing Chiu ("Chiu"), with the assistance of the company's Corporate Secretary, Lai Fun Sim a/k/a/ Stella Sim ("Sim"), devised a wide-ranging stock manipulation scheme to fraudulently obtain a Nasdaq National Market System ("NMS") listing to artificially inflate China Energy's stock price, and sell millions of China Energy shares into the U.S. capital markets.

Other participants in the scheme, according to the Complaint, included the company's former purported Chairman and CEO, Sun Li ("Li"); a former company employee, Jun Tang Zhao ("J. Zhao") and New Solomon Consultants ("New Solomon"), which was China Energy's majority shareholder. All of the Defendants reside or have operations abroad.

The Court initially issued temporary restraining orders on December 04, 2006[1] freezing assets that covered funds held in four brokerage accounts in the names of four of the Relief Defendants.

On March 27, 2009, the Commission obtained a Final Judgment in this matter against Chiu, Sim, J. Zhao, Li and New Solomon, finding them liable for fraud and permanently enjoining them from violations of Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and

---

[1] The temporary restraining orders were modified on January 10, 2007.

Rule 10b-5 thereunder [17 C.F.R. §240.10b-5], and Section 5 of the Securities Act [15 U.S.C. §77e]. The judgments ordered them to pay $29,665,625.28 in disgorgement and prejudgment interest in the amount of $3,652,554.34 for a total of $33,318,179.62. In addition, Defendants Chiu and Sim were each ordered to pay a civil penalty of $1,000,000 and Defendants Li and J. Zhao were ordered to pay a civil penalty of $75,000. The court also imposed officer-and-director bars against Chiu, Sim, J. Zhao and Li.

On July 6, 2009, the Court granted the Commission's motion for summary judgment against the Relief Defendants Amicorp, Essence City, Precise Power, Yan Hong Zha, Ai Qun Zhong, and Tung Tsang (hereinafter "Relief Defendants") and ordered that they disgorge the sums held in the Capital Growth Financial Accounts, namely the Essence City, Precise Power, Amicorp, and Yan Hong Zhao accounts ("Capital Growth Accounts").[2] A Judgment was entered against the Relief Defendants on July 31, 2009, and an Amended Judgment was entered on December 23, 2009 (collectively, "Judgments"). The Judgments held Amicorp and Ai Qun Zhong jointly and severally liable for disgorgement of $2,445,982, plus any accrued interest; Essence City Limited and Tung Tsang jointly and severally liable for disgorgement of $226,558.75 plus any accrued interest; Precise Power Holdings Limited liable for $749,171 plus any accrued interest; and Yan Hong Zhao liable for $438,173, plus any accrued interest.

## II. THE COURT SHOULD ORDER THE FUNDS UNFROZEN AND TRANSFERRED TO THE SEC FOR DISTRIBUTION

No payments have been paid to date by Defendants or Relief Defendants. Therefore, to compensate harmed investors, the Commission requests that the Court issue an order directing Fidelity to unfreeze the funds held in accounts in the name of the Relief Defendants at National

---

[2] The Commission by letter dated July 9, 2009, stated it did not seek an award of prejudgment interest, but sought only the interest which may have accrued on the sums held in Capital Growth Accounts.

4

Financial Services LLC ("NFS"), a Fidelity company, and directing Fidelity to transfer the funds to the SEC for distribution to harmed investors within 10 days after entry of this Order. As of June 15, 2015, the balances in the accounts are as follows:

(1) Amicorp Development Limited, National Financial Account CVC-xxx-xxx344, $2,621,563.50;

(2) Precise Power Holdings Limited, National Financial Account, CVC-xxx-xxx677, $802,837.71;

(3) Zhao Yan Hong, CVC-xxx-xxx339, $469,474.84; and

(4) Essence City Limited, National Financial Account, CVC-xxx-xxx757, $238,799.47.

### III. THE COMMISSION'S REQUEST TO ESTABLISH A FAIR FUND SHOULD BE GRANTED

The Defendants' Final Judgment states that the "Commission may by motion propose a plan to distribute the Fund subject to the Court's approval" and that "[s]uch a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002." Pursuant to these terms, the Commission now moves the Court to designate the Distribution Fund as a Fair Fund. Section 308(a), as amended by Dodd-Frank, provides in relevant part:

> If, in any judicial or administrative action brought by the Commission under the securities laws, the Commission obtains a civil penalty against any person for a violation of such laws, or such person agrees, in settlement of any such action, to such civil penalty, the amount of such civil penalty shall, on the motion or at the direction of the Commission, be added to and become part of the disgorgement fund or other fund established for the benefit of the victims of such violation.

*See* 15 U.S.C. §7246(A). The Commission brought this action under the securities laws and the Defendants have been ordered to pay disgorgement and a penalty as part of its Final Judgment.

5

Accordingly, Section 308's requirements have been satisfied, and the Court should establish a Fair Fund for the victims harmed by the Defendants' misconduct.

### IV. THE COURT SHOULD APPOINT DAMASCO AS THE TAX ADMINISTRATOR FOR THE FAIR FUND

The Fair Fund constitutes a Qualified Settlement Fund ("QSF") under Section 468B(g) of the Internal Revenue Code ("IRC"), 26 U.S.C. §§ 1.468B-1 through 1.468B-5. A Tax Administrator, on behalf of the Fair Fund, should be appointed and authorized to take all necessary steps to enable the Fair Fund to obtain and maintain the status of a taxable QSF, including the filing of all required elections and statements contemplated by those provisions. The Tax Administrator would ensure that the Fair Fund pays taxes in a manner consistent with treatment of the Fair Fund as a QSF. The reasonable costs, fees, and other expenses incurred in the performance of the Tax Administrator's duties would be paid by the Fair Fund in accordance with the agreement between the Commission and the Tax Administrator dated January 11, 2013.

| SERVICE | FIXED FEE |
| --- | --- |
| Income tax returns, including items 1-6 (below). | $1800 |
| Income tax returns, including items 1-6 (below), for funds with assets of $120,000 or less and are opened and closed within the same calendar year. | $850 |
| Loss Carryback (claim for refund) returns. | $500 |

Fixed fee tax compliance services include:[3]

---

[3] These fixed fees include all copying and routine postage expenses. They also include any internal expenses of the Tax Administrator in performing these services, such as facsimile fees and telephone charges. Expenses that are not included are expedited delivery fees (such as Federal Express) and other extraordinary costs, such as extended telephone conferences and

1. Obtaining a federal tax identification number ("FEIN") for the QSF.

2. Preparing and filing federal and state income tax returns, as required.

3. Where required, calculating quarterly estimated tax payments and providing information to the Court so that payments may be made timely.

4. Making arrangements with the SEC or its agents to pay tax liability.

5. Calculating and recommending retention of a reserve, if necessary, for penalties and interest to be assessed as a result of any late filing of tax returns and late payment of taxes.

6. Determining and complying with tax reporting obligations of the QSF relating to distributions or payments to vendors, if applicable.

Damasco, a certified public accounting firm located in Half Moon Bay, California, has served as a tax administrator on numerous QSFs established by the Commission.[4] The Commission staff respectfully requests that the Court appoint Damasco as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to the Fair Fund under this Court's jurisdiction.

Furthermore, the Commission staff requests authority to review, approve and pay to the Tax Administrator all future tax obligations of the Fair Fund and reasonable fees for tax compliance services and related expenses in accordance with the Tax Administrator's agreement with the Commission from the Fair Fund without further order of the Court.

---

reports. Additional tax compliance services and services for the administration of the QSF would be provided at the Commission's request and billed at the Tax Administrator's current rates discounted by 20%.

[4] Damasco has signed a letter agreement with the Commission, agreeing to provide tax related services to the Commission in federal court cases involving QSFs in cases resulting from SEC enforcement actions.

## V.    THE COURT SHOULD APPOINT KCC TO BE THE DISTRIBUTION AGENT

The Commission staff further requests the Court to appoint KCC as Distribution Agent for the Fair Fund to facilitate the development and administration of a distribution plan ("Plan") for the distribution of the Fair Fund to harmed investors. KCC, if appointed by the Court, will work with the Commission's staff in formulating a Plan to propose for the Court's approval. In addition, once appointed, KCC will begin to determine the identities of harmed investors and amounts lost, establish a claims process to evaluate and verify claims, field inquiries from investors and manage the ultimate distribution of the Fair Fund. In completing these tasks, KCC may hire economic and other experts.

KCC, as a member of a pool of administrators the Commission has approved to be recommended to courts in civil proceedings, is qualified for the tasks required to prepare and carry out the intended distribution plan. The Commission's recommendation of KCC is based on a process in which Commission staff solicited, reviewed and analyzed distribution cost proposals from prospective distribution agents, including a pricing schedule that will allow the Commission staff to monitor invoices and the costs of administering the distribution. This process, in turn, has led the Commission staff to conclude that KCC appears to be well-qualified for the task. The Commission staff believes that KCC will be fair, efficient, cost-effective and timely in its efforts. KCC is a full-service distribution administration and project management consulting firm, has an advanced investor location process, and has excellent investor support services with toll-free telephone support and live call center and investor case-specific websites. It has experience in drafting and finalizing distribution plans, defining eligibility and the measure of damages, collecting and validating information from claimants, remitting payments, and

handling all related audit, review and reporting processes. KCC has signed an agreement with the Commission in which it has pledged, if selected as the Distribution Agent, to be bound by the terms of its distribution cost proposal.

KCC has represented that it does not have any conflicts of interest that would keep it from fully and fairly exercising its duties as the Distribution Agent for the Fair Fund.  If appointed by the Court, KCC will also take affirmative steps to ensure that any entities or individuals engaged by KCC also have no such conflicts of interest.

As part of its duties, KCC will coordinate with the Tax Administrator to ensure that the Fair Fund complies with all related legal and regulatory requirements, including but not limited to satisfying any reporting or withholding requirements imposed on disbursements from the distribution fund as required for a QSF.

Once the Plan is approved by the Court, KCC will submit quarterly progress reports to the Commission staff.  KCC will provide the Commission with an accounting within twenty (20) days after the end of each calendar quarter.  Such an accounting will inform the SEC of the status of the Fair Fund and the activities of KCC, and shall specify, at a minimum, the location of the account(s) comprising the fund, the value of those account(s), all monies earned or received into the account(s), any monies expended to satisfy fees, costs, taxes, and other expenses incurred in the drafting and implementation of the distribution plan, and, ultimately, any monies distributed to claimants under the distribution plan. KCC will also provide the Commission staff with a final accounting report for the Fair Fund, in a format to be provided by the Commission staff, when KCC's duties are completed. The Commission staff shall file the final accounting report for the Fair Fund with the Court once it has been reviewed by Commission staff and the Commission staff has determined it has no objections.

KCC will be entitled to reimbursement and compensation from the funds to be distributed for the reasonable costs, fees, and other expenses incurred in the performance of its duties. KCC will provide a copy of its invoice for review and approval by the Commission staff, which shall include supporting documentation to justify the expenses or services rendered. The Commission staff requests authority to review, approve and pay all future fees and expenses of the Distribution Agent without further order of the Court.

KCC may be removed *sua sponte* at any time by the Court or upon motion of the Commission and replaced with a successor. In the event KCC decides to resign, it will first give written notice to the Court and to the Commission's counsel of such intention, and the resignation, if permitted, will not be effective until the Court appoints a successor.

### VI.	CONCLUSION

Based on the foregoing, the Commission respectfully requests that the Court grant its Motion for an Order (1) directing Fidelity to unfreeze funds held in the name of four of the Relief Defendants and to transfer those funds to the SEC for distribution; (2) establishing a Fair Fund for harmed investors; (3) appointing a Tax Administrator; and (4) appointing KCC as Distribution Agent; and granting other such relief as the Court deems just and proper.

Dated: July 9, 2015	Respectfully submitted,

/s/Susan S. Pecaro

Susan S. Pecaro
Nichola L. Timmons
Attorneys for Plaintiff
Securities & Exchange Commission
100 F. St., NE
Washington, DC 20549-5631
pecaros@sec.gov
timmonsn@sec.gov
Telephone: 202-551-4489 (Pecaro)
Telephone: 202-551-4456 (Timmons)