UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____
                                          )
SECURITIES AND EXCHANGE COMMISSION,        )
                                          )
            Plaintiff,                    )
                                          )   06-cv-6402 (ADS)
      v.                                  )
                                          )
CHINA ENERGY SAVINGS TECHNOLOGY, INC.,    )
NEW SOLOMON CONSULTANTS, CHIU WING        )   Related Case No. 13-cv-5364
CHIU, LAI FUN SIM a/k/a Stella Sim, SUN LI, JUN )
TANG ZHAO,                                )
                                          )
            Defendants,                   )
                                          )
      and                                 )
                                          )
AMICORP DEVELOPMENT LIMITED, ESSENCE      )
CITY LIMITED, PRECISE POWER HOLDINGS      )
LIMITED, YAN HONG ZHAO, AI QUN ZHONG,     )
TUNG TSANG,                               )
                                          )
            Relief Defendants.            )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR AN ORDER APPROVING A DISTRIBUTION PLAN FOR THE FAIR FUND

Plaintiff United States Securities and Exchange Commission ("SEC" or the "Commission") respectfully submits this Memorandum of Law in support of the Commission's motion ("Motion") requesting from the Court an order approving the Commission's proposed plan to distribute more than $5 million to investors injured by China Energy Savings Technology, Inc.'s ("China Energy") pump and dump scheme during which defendants intentionally manipulated the market for the common stock of China Energy.

## I. INTRODUCTION

On December 4, 2006, the Commission filed fraud charges in federal district court against China Energy, several of its former officers, its controlling shareholder, and others, alleging that they orchestrated an elaborate stock manipulation scheme commonly known as a "pump and dump." The Complaint alleged that, from 2004 to 2006, China Energy, the company's undisclosed control person, Chiu Wing Chiu ("Chiu"), with the assistance of the company's Corporate Secretary, Lai Fun Sim (a/k/a Stella Sim) ("Sim"), orchestrated a wide-ranging stock manipulation scheme. Other participants in the scheme, according to the Complaint, included the company's former purported Chairman and CEO, Sun Li ("Li"), a former company employee, Jun Tang Zhao ("J. Zhao"), and New Solomon Consultants ("New Solomon"), China Energy's majority shareholder (collectively, the "Defendants"). All of the Defendants reside or have operations abroad.

The Defendants were charged with: (1) fraudulently obtaining a Nasdaq National Market System ("NMS") listing; (2) causing the price of China Energy's stock to artificially inflate through nominee transactions and through the dissemination to investors and the public of false and misleading material information about China Energy; and (3) selling into the United States capital markets millions of shares of China Energy stock at artificially inflated prices which the Defendants and other insiders had acquired at little or no cost.

The Court initially issued temporary restraining orders on December 4, 2006[1] freezing assets that covered funds held in four brokerage accounts in the names of four of the Relief Defendants.

On March 27, 2009, a final judgment was entered against the Defendants, finding them liable for fraud and permanently enjoining them from violations of Section 10(b) of the

---

[1] The temporary restraining orders were modified on January 10, 2007.

Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and Section 5 of the Securities Act [15 U.S.C. § 77d]. The judgment ordered them to pay $29,665,625.28 in disgorgement and prejudgment interest in the amount of $3,652,554.34 for a total of $33,318,179.62. In addition, Defendants Chiu and Sim were each ordered to pay a civil penalty of $1,000,000 and Defendants Li and J. Zhao were ordered to pay a civil penalty of $75,000.00 each. The Court also imposed officer-and-director bars against Chiu, Sim, J. Zhao and Li. Dkt. No. 107.

On July 6, 2009, the Court granted summary judgment in favor of the Commission against the relief defendants Amicorp Development Limited, Essence City Limited, Precise Power Holdings Limited, Yan Hong Zhao, Ai Qun Zhong, and Tung Tsang (collectively, the "Relief Defendants"). Dkt. No. 2. The Court ordered that Relief Defendants disgorge the sums in the Capital Growth Financial Accounts, namely the Essence City, Precise Power, Amicorp, and Yan Hong Zhao accounts ("Capital Growth Accounts"). On July 31, 2009 a judgment was entered against the Relief Defendants and an amended judgment was entered on December 23, 2009 (collectively, the "Judgments"). The Judgments stated that the Defendants had used the Relief Defendants' U.S. brokerage accounts to sell China Energy shares, and ordered the Relief Defendants to pay disgorgement, collectively, of approximately $3.9 million, representing the funds held in those accounts, plus any accrued interest thereon. Dkt. Nos. 111 and 117.

No payments have been paid to date by Defendants or Relief Defendants. On December 17, 2015, the Court entered an Order directing Fidelity Investments to unfreeze the funds held in the name of the Relief Defendants and to transfer those funds to the SEC for distribution to harmed investors. The Order also established a Fair Fund, pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended by the Dodd-Frank Act of 2010, [15 U.S.C. § 7246(a)],

3

for the benefit of harmed investors (the "China Energy Fair Fund" or the "Fair Fund"). Further, the Order appointed Damasco & Associates LLP ("Damasco" or "Tax Administrator"),[2] a certified public accounting firm located in San Francisco, California, as Tax Administrator, to execute all income tax reporting requirements, including the preparation and filing of tax returns, of the Fair Fund. The Order also appointed Kurtzman Carson Consultants, LLC ("KCC"), as the Distribution Agent, to oversee all aspects of the administration and distribution of the Fair Fund, in coordination with the Commission staff, in accordance with the terms of a distribution plan to be approved by the Court. Dkt. No. 120.

On May 18, 2016, in a related action, *SEC v. Lee Chi Ling, et al.*, 13-cv-5364 (E.D.N.Y.) (the "Ling Action"), the Court issued an Order to combine the funds held by the Commission in the Ling Action with the China Energy Fair Fund for distribution to harmed investors. Dkt. No. 124.

On August 3, 2017, in a related administrative proceeding, *In the Matter of Moore Stephens Wurth Frazer & Torbet LLP, et al.*, Admin. Proc. File No. 3-14167 (the "Moore Stephens Proceeding"), the Commission issued an Order[3] to transfer and consolidate the funds held by the Commission in the Moore Stephens Proceeding with the China Energy Fair Fund for distribution to harmed investors.

The balance in the Fair Fund as of May 30, 2018 is approximately $5,688,915.09. KCC, in consultation with the Commission staff, has prepared a plan of distribution ("Distribution Plan") for the Fair Fund, which the Commission now submits to this Court for its approval.[4]

---

[2] As of October 1, 2016, Miller Kaplan Arase LLP acquired Damasco. The firm's engagement with the SEC and its ability to carry out its duties as the appointed Tax Administrator for this case has not changed.
[3] Order Combining Funds with the China Energy Fair Fund, Exchange Act Rel. No. 81307 (Aug. 3, 2017).
[4] A copy of the Distribution Plan for the Fair Fund is attached as Exhibit 1 to the Proposed Order.

4

## II. ARGUMENT

### A. The Applicable Standard

Nearly every plan to distribute funds obtained in a Commission enforcement action requires choices to be made regarding the allocations of funds between and among potential claimants within the parameters of the amounts recovered. In recognition of the difficulty of this task, Courts historically have given the Commission significant discretion to design and set the parameters of a distribution plan. As the Court of Appeals in the Second Circuit has explained, "[t]his kind of line-drawing-which inevitably leaves out some potential claimants-is…appropriately left to the experience and expertise of the SEC in the first instance." *SEC v. Wang*, 944 F.2d 80, 83-84, 88 (2d Cir. 1991); *see SEC v. Fischbach Corp.*, 133 F.3d 170, 175 (2d Cir. 1997); *SEC v. Levine*, 881 F.2d 1165, 1182 (2d Cir. 1989).

The Court's review of a Fair Fund distribution plan focuses on whether the plan is fair and reasonable. *See Official Committee of Unsecured Creditors of Worldcom, Inc. v. SEC*, 467 F.3d 73, 81 (2d Cir. 2006) ("[u]nless the consent decree specifically provides otherwise[,] once the district court satisfies itself that the distribution of proceeds in a proposed SEC disgorgement plan is fair and reasonable, its review is at an end"), citing *Wang*, 944 F.2d at 85.

For the reasons articulated below, the Commission submits that the Distribution Plan for the Fair Fund constitutes a fair and reasonable allocation of the funds available for distribution and should be approved.

### B. The Commission's Proposed Distribution Plan Provides A Fair and Reasonable Allocation of the Fair Fund

The Commission's principal goal in fashioning a distribution plan for the Fair Fund is to identify a methodology that would allocate the available funds fairly and reasonably, in a manner proportional to the harm that investors in China Energy common stock suffered as a result of the actions of the Defendants and Relief Defendants. In its Complaint, the Commission alleged that Defendants manipulated the market for securities of China Energy. The Distribution Plan is designed to compensate investors who purchased China Energy common stock on the open market during the Recovery Period.[5] Only shares that were purchased between July 1, 2004 to February 15, 2006 and either sold at a loss on or after February 14, 2006 or held until December 6, 2006, are eligible for recovery. An Eligible Claimant's Recognized Loss (or Gain) Per Share, as determined in accordance with the Plan of Allocation contained in Exhibit A of the Distribution Plan, will be used to determine the amount of their distribution payment. Should the total Recognized Claims exceed the Net Available Fair Fund, the Distribution Agent shall determine each Eligible Claimant's *pro rata* share based upon each Eligible Claimant's Recognized Claim divided by the aggregate Recognized Claims of all Eligible Claimants. In no event will an Eligible Claimant receive a Distribution Payment totaling more than his, her or its calculated harm.

The Defendants and the promoters engaged in a variety of schemes to have China Energy stock listed on the NASDAQ and to increase the trading volume and price of the China Energy common stock during the "pump" phase of the fraud. These schemes are delineated in the Complaint and involved, among other things, giving away common stock for little or no cost or as compensation for "consulting" services, or in connection with promotions by which investors received free shares of common stock if they purchased shares of common stock. Because all of these schemes were illegitimate, as detailed in the Complaint, investors who participated in these

---

[5] Capitalized terms have the meanings defined in the Distribution Plan.

schemes along with Defendants and promoters of the Defendants are excluded from participating in the distribution. Therefore, Eligible Claimants will not include any Defendant or Relief Defendant, director, officer, promoter, or nominee, past or present, of Defendants or Relief Defendants;[6] in addition, any investor who received China Energy common stock at no cost or nominal cost will also be excluded. Any person who received common stock as a result of a communication or agreement with Defendant Jason Genet will be excluded, as well as those investors who received restricted common stock or shares pursuant to S-8 issued directly from the transfer agent for China Energy. In addition, the Distribution Plan excludes investors who purchased shares through KGIAsia during certain time period in connection with Defendants' first pump of China Energy's trading volume and share price. Finally, Eligible Claimants must have purchased the common stock on the open exchange through the U.S. markets. These exclusions from participation in the distribution are intended to eliminate those investors who participated in the pump and dump scheme with the Defendants.

## III.   Conclusion

The Commission believes that the Distribution Plan for the Fair Fund should be approved as fair and reasonable. The proposed Distribution Plan directs the proceeds of the Fair Fund to investors who were harmed by the improper conduct alleged in the Commission's Complaint. The Distribution Plan reasonably and fairly allocates its funds in accordance with each Eligible Claimant's Recognized Claim. A Proposed Order to Approve a Distribution Plan, and appending the Distribution Plan, is filed herewith as Exhibit 1 to the Motion.

---

[6] The full list of excluded parties is delineated in paragraph 19 of the proposed Distribution Plan.

7

WHEREFORE, for all of the foregoing reasons, the Commission respectfully requests that the Court grant its Motion for an Order Approving a Distribution Plan for the Fair Fund and grant other relief as it deems necessary and proper.

Date: May 31, 2018                                         Respectfully submitted,


                                                           /s/ Susan S. Pecaro                    .

                                                           Susan S. Pecaro
                                                           Nichola L. Timmons
                                                           Attorneys for Plaintiff
                                                           U.S. Securities and Exchange Commission
                                                           100 F Street, N.E.
                                                           Washington, DC 20549-5876
                                                           Telephone: (202) 551-4489 (Pecaro)
                                                           (202) 551-4456 (Timmons)
                                                           Email: pecaros@sec.gov
                                                           timmonsn@sec.gov
                                                           Fax: (202) 572-1372