IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>CHINA ENERGY SAVINGS TECHNOLOGY, INC., NEW SOLOMON CONSULTANTS, CHIU WING CHIU, LAI FUN SIM a/k/a Stella Sim, SUN LI, JUN TANG ZHAO,<br><br>DEFENDANTS,<br><br>and<br><br>AMICORP DEVELOPMENT LIMITED, ESSENCE CITY LIMITED, PRECISE POWER HOLDINGS LIMITED, YAN HONG ZHAO, AI QUN ZHONG, TUNG TSANG,<br><br>RELIEF DEFENDANTS | 06-cv- 6402 (ADS)<br><br>Related Case No. 13-cv-5364 |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW FOR
AN ORDER TO TRANSFER FUNDS FOR
DISTRIBUTION TO INJURED INVESTORS**

**NOTICE**

**PLEASE TAKE NOTICE** that based upon the accompanying Motion, Memorandum, and the Proposed Order, and all other prior proceedings and papers herein, the U.S. Securities and Exchange ("Commission") will move this Court, at a date and time to be determined by the Court, before the Honorable Arthur D. Spatt at the United States Courthouse for the Eastern District of

1

New York, 100 Federal Plaza, Central Islip, New York 11722 for an Order to Transfer Funds for Distribution To Injured Investors so that harmed investors may be compensated for their losses.

**MOTION**

In accordance with the Distribution Plan for China Energy Savings Technology, Inc. Fair Fund approved by this Court on August 23, 2018 ("Distribution Plan"),[1] the Commission respectfully requests that the Court enter an Order: (1) directing the Commission to issue a payment for $5,653,718.85 (the "Funds") payable to "SEC v. China Energy Fair Fund" to the distribution agent, Kurtzman Carson Consultants, LLC ("Distribution Agent")[2] (2) directing the Distribution Agent to deposit the Funds in an escrow account established at The Huntington Bank pursuant to Paragraphs 71-73 of the Distribution Plan; and (3) authorizing the Distribution Agent to distribute the Funds to Eligible Claimants in accordance with the terms of the Distribution Plan.

**MEMORANDUM OF LAW**

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On December 4, 2006, the Commission filed an emergency action against China Energy Savings Technology, Inc. ("China Energy"), several of its former officers, its controlling shareholder, and others, alleging that they orchestrated an elaborate stock manipulation scheme commonly known as a "pump and dump". The Complaint alleged that China Energy, the company's undisclosed control person, Chiu Wing Chiu ("Chiu"), with the assistance of the company's Corporate Secretary, Lai Fun Sim a/k/a/ Stella Sim ("Sim"), devised a wide-ranging stock manipulation scheme to fraudulently obtain a Nasdaq National Market System ("NMS")

---

[1] Dkt. 127.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Distribution Plan approved by the Court.

listing to artificially inflate China Energy's stock price, and sell millions of China Energy shares into the U.S. capital markets.[3]

Other participants in the scheme, according to the Complaint, included the company's former purported Chairman and CEO, Sun Li ("Li"); a former company employee, Jun Tang Zhao ("J. Zhao") and New Solomon Consultants ("New Solomon"), which was China Energy's majority shareholder. All of the Defendants reside or have operations abroad.

The Court initially issued temporary restraining orders on December 04, 2006 freezing assets that covered funds held in four brokerage accounts in the names of four of the Relief Defendants: Precise Power Holdings Limited ("Precise Power"); Essence City Limited ("Essence City"); Amicorp Development Limited ("Amicorp"); and Yan Hong Zhao ("Yan Hong Zhao") (collectively, "Relief Defendants").

On March 27, 2009, the Commission obtained a Final Judgment in this matter against Chiu, Sim, J. Zhao, Li and New Solomon, finding them liable for fraud and permanently enjoining them from violations of Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5], and Section 5 of the Securities Act [15 U.S.C. §77e]. The judgments ordered them to pay $29,665,625.28 in disgorgement, and prejudgment interest in the amount of $3,652,554.34 for a total of $33,318,179.62. In addition, Defendants Chiu and Sim were each ordered to pay a civil penalty of $1,000,000 and Defendants Li and J. Zhao were ordered to pay a civil penalty of $75,000. The court also imposed officer-and-director bars against Chiu, Sim, J. Zhao and Li.[4]

On July 6, 2009, the Court granted the Commission's motion for summary judgment against the Relief Defendants Amicorp, Precise Power, Yan Hong Zhao, Ai Qun Zhong, and

---

[3] Dkt. 2.
[4] Dkt. 107.

Tung Tsang and ordered that they disgorge the sums held in the Capital Growth Financial Accounts, namely the Essence City, Precise Power, Amicorp, and Yan Hong Zhao accounts ("Capital Growth Accounts").  A Judgment was entered against the Relief Defendants on July 31, 2009, and an Amended Judgment was entered on December 23, 2009 (collectively, "Judgments").  The Judgments held Amicorp and Ai Qun Zhong jointly and severally liable for disgorgement of $2,445,982, plus any accrued interest; Essence City and Tung Tsang jointly and severally liable for disgorgement of $226,558.75 plus any accrued interest; Precise Power liable for $749,171 plus any accrued interest; and Yan Hong Zhao liable for $438,173, plus any accrued interest.[5]

On December 17, 2015, the Court  (1) ordered Fidelity to unfreeze and transfer the entire balances of the NFS accounts to the SEC for distribution; (2) established a Fair Fund from the funds transferred from Fidelity to the SEC under the case name designation "SEC v. China Energy Savings Technology, Inc., et al."; (3) appointed Damasco & Associates LLP as Tax Administrator of the Fair Fund;[6] and (4) appointed Kurtzman Carson Consultants, LLC to serve as the Distribution Agent for the Fair Fund.[7]

On May 18, 2016, in a related action, *SEC v. Lee Chi Ling, et al.*, 13-cv-5364 (E.D.N.Y.) (the "Ling Action"), the Court issued an Order to combine the funds held by the Commission in the Ling Action with the China Energy Fair Fund for distribution to harmed investors.[8]

On August 3, 2017, in a related administrative proceeding, *In the Matter of Moore Stephens Wurth Frazer & Torbet LLP, et al.*, Admin. Proc. File No. 3-14167 (the "Moore

---

[5] Dkt. 111.
[6] Dkt. 120. As of October 1, 2016, Damasco & Associates, LLP ("Damasco"), became a part of Miller Kaplan Arase LLP ("Miller Kaplan"). As part of that transaction, Miller Kaplan assumed all of Damasco's obligations as Tax Administrator in this matter.
[7] *Id.*.
[8] Dkt. 124.

Stephens Proceeding"), the Commission issued an Order to transfer and consolidate the funds held by the Commission in the Moore Stephens Proceedings with the China Energy Fair Fund for distribution to harmed investors.[9]

The combined balance in the Fair Fund as of September 2, 2020 is approximately $5,859,964.54.

## II. DISBURSEMENT OF THE FAIR FUND

Pursuant to the Distribution Plan, the Distribution Agent has prepared and submitted to the Commission staff a list of 442 Eligible Claimants,[10] and the Recognized Claim for each Eligible Claimant (the "Final Payee List").[11] As the aggregate Recognized Claims of all Eligible Claimants exceeds the Net Available Fair Fund, the Distribution Agent will distribute funds to the Eligible Claimants based upon a *pro rata* calculation.[12] The *pro rata* payments represent approximately 53% of the Eligible Claimants' calculated Recognized Claim amount. In addition, no payment will be issued to Eligible Claimants whose Recognized Claim would entitle them to less than $10.00, which is the Minimum Distribution Amount.[13] The Distribution Agent has also submitted the Declaration of Nashira McCoy ("Declaration") in support of this Motion, filed separately, which provides a detailed explanation of the procedures the Distribution Agent used to develop the Final Payee List. The Final Payee List and the Declaration have been reviewed by the undersigned Commission Counsel who have no objections.

---

[9] Exchange Act Rel. 81307 (August 3, 2017).
[10] 445 claims were determined to be eligible under the requirements of the Distribution Plan. *See* Declaration of Nashira McCoy. However, 3 of these claims have Eligible Losses that would result in a Distribution Payment of less than the $10 *de minimis* established in the Distribution Plan. Therefore, payments will be made to 442 of the Eligible Claimants.
[11] The Final Payee List was provided to the Commission staff for its review and acceptance and will be provided to the Court upon request under seal.
[12] Plan ¶29.
[13] Plan ¶23.

**WHEREFORE**, for all the foregoing reasons, the Plaintiff Securities and Exchange Commission respectfully requests that this Court grant its Motion for an Order to Transfer Funds for Distribution To Injured Investors and grant such other relief as it deems necessary and proper.

September 8, 2020                                  Respectfully submitted,

/s/Susan S. Pecaro

Susan S. Pecaro
Nichola L. Timmons
Attorneys for Plaintiff
Division of Enforcement
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-5876
Tel: (202) 551-4489 (Pecaro)
Tel: (202) 551-4456 (Timmons)
Fax: (301) 623-1188
Email:   pecaros@sec.gov
             timmonsn@sec.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2020, I electronically filed the foregoing Plaintiff Securities and Exchange Commission's Notice of Motion, Motion, Memorandum of Law to Transfer Funds for Distribution to Injured Investors, and Proposed Order with the Clerk of the Court using the CM/ECF system.

s/ Susan S. Pecaro
Susan S. Pecaro
